CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
FEB 2 0 2007
JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| THEODORE B. GOULD<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES OF AMERICA, ET.AL.,<br><br>*Defendants.* | CIVIL ACTION NO. 3:06-CV-00008<br><br>OPINION AND ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the Defendants' Motion to Dismiss, filed on May 5, 2006. For the following reasons, this motion is hereby GRANTED.

## BACKGROUND

Plaintiff's 110 page, 337 paragraph complaint may be fairly summarized thus: "I want my money back." This suit is the newest incarnation of a long line of tax litigation initially arising from the bankruptcy of Plaintiff and several related corporations after a failed real estate venture. The bankruptcy estates were consolidated and the assets of those estates was vested in a liquidating trust. After the trustee filed an adversary suit to determine his tax obligations, the Supreme Court eventually ruled that the trustee must pay tax on the income attributable to the trust property. *Holywell Corp. v. Smith*, 503 U.S. 47, 52 (1992). On remand, the bankruptcy court determined the tax consequences of the bankruptcy reorganization plan, and that decision was affirmed by the district court and the Eleventh Circuit, *In re Holywell Corp.*, 177 B.R. 991 (S.D. Fla. 1995), *aff'd*, 208 F.3d 1009 (11th Cir. 2000) (unpublished).

Since that confirmation, Plaintiff has filed at least two other lawsuits in this district (97-CV-131-C, aff'd by the Fourth Circuit, 99-1399, and 3:98CV107, aff'd by the Fourth Circuit, 99-2113) and at least two in the Southern District of Florida seeking refunds of taxes and now money damages based on various theories. Defendant asserts that the issues raised in the instant suit fail to state a claim on which relief can be granted because they are barred by res judicata.

## STANDARD OF REVIEW

As this Court has previously stated, "[t]he purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243--44 (4th Cir. 1999). In considering a Rule 12(b)(6) motion, a court must accept all allegations in the complaint as true, must draw all reasonable inferences in favor of the plaintiff, and should not dismiss unless the defendant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claim" that would allow the plaintiff relief. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); *see also Edwards*, 178 F.3d at 244; *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001). Stated differently, a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002).

Although a motion filed under Rule 12(b)(6) "should be granted only in very limited circumstances," *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989), a plaintiff still "must sufficiently allege facts to allow the Court to infer that all elements of each of his causes of action exist," *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 344–45 (4th Cir. 2006), *reh'g en banc denied*, 467 F.3d 378 (4th Cir. 2006); *see also Inman v. Klöckner-Pentaplast of America, Inc.*, No. 3:06cv00011, 2006 WL 3821487, at *4 (W.D. Va. Dec. 28,

2006) (collecting post-*Swierkiewicz* holdings in Rule 12(b)(6) cases in the Fourth Circuit). Res judicata justifies granting a 12(b)(6) motion because even where the Plaintiff can plead and prove a redressable injury, the fact of a prior judgment prevents a court from providing any relief.

**DISCUSSION**

A party invoking res judicata must establish (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of the parties or their privies in the two suits. *Gould v. United States*, 229 F.3d 1142, *1 (4th Cir. 2000) (unpublished); *Meekins v. United Transportation Union*, 946 F.2d 1054, 1057 (4th Cir. 1991). Plaintiff does not dispute the first or the last element, but points out that his "cause of action" in the instant suit is different from those of previous suits because this complaint purports to be a bill in equity alleging fraud rather than a suit at law challenging the calculation of taxes. This subtle distinction does not avail Plaintiff. The Fourth Circuit has adopted a transactional approach to determining the identity of claims: under this standard, the court inquires whether the new claim arises out of the same transaction or core of operative fact as the claim resolved by the previous judgment. *Id.* At 1058.

This doctrine means simply that a Plaintiff must bring all of his arguments to the table at one time in one suit, or risk losing them forever. Put another way, res judicata bars not only claims actual litigated, but claims which *could have been* litigated. *Brown v. Felsen*, 442 U.S. 127, 131 (1979), *Meekins*, 946 F.2d at 1057. A tort victim must allege both intentional and negligent injury, or accept that one of his claims will never be heard. A taxpayer must allege both error and fraud by the IRS, or content himself with only one for all time. A bankrupt must make all possible objections in bankruptcy court, for he will not be later heard to complain of it. In no case is a second, much less a third or fourth, lawsuit permitted on a new theory after the

first fails. Styling a case as "equitable" rather than "legal" does not permit a violation of this rule, especially as such nice distinctions were abolished nearly 70 years ago. Fed. R. Civ. Proc. 2.

There is but one transaction in this suit: the calculation of the liquidating trust's tax liability as part of the bankruptcy plan. That question was settled by the confirmation of the plan and the associated litigation and cannot be relitigated here.[1] To the extent that any ancillary issues might have existed, they were either settled by that Florida litigation, if raised explicitly, or are barred because they were not so raised at the appropriate time.[2] Indeed, had Plaintiff bothered to read the opinions authored by this very Court or those of the Fourth Circuit in his prior cases, he would already have known this.

As a final aside, although it was not briefed by the parties, there is reason to doubt that a suit in equity could be maintained some 13 years after the confirmation of the tax settlement in bankruptcy court. Laches will bar relief of even meritorious claims when the claimant has slept on his rights, if the defendant can show both lack of diligence and prejudice. *Costello v. United States*, 365 U.S. 265, 282 (1961).

## CONCLUSION

To put in plainly, Plaintiff cannot have his money back, and there is neither any theory of recovery or any set of facts which can possibly change that result.

---

[1] The confirmation of a plan by a bankruptcy court has the same res judicata effect as a judgment on the merits. *Stoll v. Gottlieb*, 305 U.S. 165, 170-71 (1938), *In Re: Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996).

[2] Plaintiff's claim that taxes paid were not credited to the appropriate account was addressed by the proposed settlement attached to Defendant's motion as Exhibit 1, page 5, paragraph 13(B)(3), denying Defendant and his corporation tax carryovers except as stated therein.

The Motion to Dismiss is GRANTED.

The Clerk of the Court is directed to send a copy of this Order to Plaintiff and all counsel of record.

ENTERED: _____
U.S. District Judge

2/20/07
Date.