CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
APR 1 2 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| THEODORE B. GOULD *Plaintiff,* <br><br> v. <br><br> UNITED STATES OF AMERICA, ET.AL., *Defendants.* | CIVIL ACTION NO. 3:06-CV-00008 <br><br> OPINION AND ORDER <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on the Plaintiff's Motion to Vacate, filed March 12, 2007, and two Motions for Judicial Notice, filed March 21 and 30, 2007. For the reasons given below, the Motions for Judicial Notice must be DISMISSED, but the Motion to Vacate will be GRANTED.

Plaintiff misunderstands the concept of judicial notice, which is a means of finding incontestible facts so as to save the court's and jury's time. *See* Fed. R. Evid. 201. The sorts of facts amenable to judicial notice are, for instance, the length of the U.S.-Canada border or the states through which the Mississippi River passes. *Id.* Plaintiff does not seek to resolve such incontestible issues, but rather wishes to introduce documentary evidence supporting his theory of the case. Accordingly, this motion must be DISMISSED. However, mindful of the lenient standards to which pro-se litigants are held, and in the interests of justice, I have reviewed the Plaintiff's most recent submissions and considered their effects on this case.

The background of this case having been given in a previous opinion on February 20,

2007 (docket # 37), it will be omitted.

Plaintiff has clarified and simplified his claims, which originally consumed 337 paragraphs over 110 pages, in the instant Motion to Vacate. They can be summarized thus: 1) this action is not barred by *res judicata* because it concerns tax years 1997 and 1998, which have not been previously litigated, and 2) the more than $30 million paid in taxes for those years by Fred Stanton Smith, trustee of the Miami Center Liquidating Trust, should have been credited to Plaintiff's personal income tax account, making Plaintiff–whose personal tax returns show liabilities several orders of magnitude smaller–eligible for a tax refund of epic proportions. Plaintiff now claims not to dispute the liability or payment of taxes for the years 1985-1992, which were in issue in prior litigation. (Mot. Vac. at 9)

Since there is no evidence that the 1997 and 1998 tax years have been litigated in any court, *res judicata* cannot apply. Although it is possible that issue preclusion could bar some or all of Plaintiff's claims, that question was not briefed by the parties or considered by the Court. Accordingly, the Court's Opinion and Order, issued on February 20, 2007, is VACATED. The case shall return to the active docket of the Court.

Plaintiff characterizes the error made in this case as the natural result of entering an order without a hearing. It is more accurate to characterize it as the natural result of a 110 page complaint replete with irrelevant factual allegations and unnecessary detail. The complaint was reviewed by several members of the Court's legal staff as well as by attorneys for Defendant, none of whom were able to divine that it concerned anything other than the previously-litigated issues. This impression was no doubt reinforced by literally hundreds of paragraphs setting out in detail all of the events of 1985-1992, including numerous allegations that certain events in those years were or were not taxable, and were or were not treated as taxable by various parties.

A complete re-reading of the complaint by the Court after receiving the Motion to Vacate and with that motion in mind has not permitted it to discern the alleged focus on the 1997-98 tax years.

Accordingly, Plaintiff is hereby ORDERED, within 30 days of the entry of this order, to submit an amended complaint *not to exceed twenty pages in length* setting out a "short and plain statement" of Plaintiff's theory of recovery. This complaint should include (but need not be limited to): 1) the amount of money Plaintiff seeks, 2) the legal justification for that award (e.g., tax refund, compensatory or punitive damages, etc.) 3) whether or not Plaintiff challenges the *assessment* of taxes or concedes that taxes paid by the Trustee for 1997-98 were in fact owed to the IRS by *somebody*, 4) If the assessment is challenged, the grounds therefor and a proposed alternative assessment, and 5) some allegation or explanation of the effect of Plaintiff's proposed tax changes on the rights of creditors who were entitled to distributions from the Miami Center Liquidating Trust. Plaintiff shall include only those factual allegations which are strictly necessary to justify his claim, and may make those allegations in general terms rather than spelling out each and every event by date. Failure to submit a complaint complying with this order in a timely fashion will result in dismissal of the suit with prejudice.

After the amended complaint has been filed, the government shall have 20 days to submit a responsive pleading. The pretrial order and stay on discovery entered in this case shall remain in effect until further order of the Court.

It is so ORDERED.

The Clerk of the Court is directed to send a certified copy of this Order to the Defendant and all counsel of record.

ENTERED: /s/ Nancy Nolan
U.S. District Judge

April 12, 2007
Date