

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| THEODORE B. GOULD<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.,*<br><br>*Defendants.* | CIVIL ACTION No. 3:06-CV-00008<br><br>OPINION AND ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the Defendant's June 8, 2007 Motion to Dismiss. For the reasons given below, the motion is GRANTED.

## I. BACKGROUND

Theodore Gould seeks to hold numerous employees of the Internal Revenue Service ("IRS") liable for fraud and conspiracy, alleging that they have intentionally misconstrued a Supreme Court ruling, the Internal Revenue Code, and federal regulations concerning the collection of taxes.

There have been numerous suits and decisions concerning the tax consequences of the bankruptcy of the Hollywell Corporation, in which Plaintiff was sole shareholder. After the bankruptcy estate was closed, the proceeds were placed in a liquidating trust, whose purpose was to sell off the illiquid assets and distribute the proceeds to creditors. There was considerable controversy over whether the trustee was required to file tax returns and pay the taxes on the income accruing to the trust assets. The Supreme Court decided that the trustee was required to

file a return and pay the taxes. *Hollywell Corp. et al. v. Smith*, 503 U.S. 47 (1992). Since that time, Plaintiff has filed Form 1040's claiming enormous refunds based on the trustee's payment of taxes in compliance with *Hollywell*. These refunds have been repeatedly rejected, leading to several suits against the IRS.

I initially dismissed this latest action because it appeared on the face of the original 110-page complaint that Plaintiff sought to relitigate tax claims from 1992-93 which had been the subject of prior post-*Hollywell* litigation. Plaintiff moved for reconsideration on the grounds that this suit involved the years 1997-98, which had not been addressed in prior cases. In an abundance of caution, I permitted Plaintiff to file an amended complaint, limited to 20 pages, which was to include:

> 1) the amount of money Plaintiff seeks, 2) the legal justification for that award (e.g., tax refund, compensatory or punitive damages, etc.), 3) whether or not Plaintiff challenges the *assessment* of taxes or concedes that taxes paid by the Trustee for 1997-98 were in fact owed to the IRS by *somebody*, 4) if the assessment is challenged, the grounds therefor and a proposed alternative assessment, and 5) some allegation or explanation of the effect of Plaintiff's proposed tax changes on the rights of creditors who were entitled to distributions from the Miami Center Liquidating Trust.

Order, April 12, 2007 (docket # 42). Plaintiff's Amended Complaint was filed on May 11, 2007 (docket # 45).

The Amended Complaint says that Plaintiff does not challenge the assessment of taxes. (Am. Comp. ¶ 5-6, identifying Plaintiff as "taxpayer"; Pl. Mot. Sum. J. at 21-22, docket # 49). However, he argues that the "Responsible Person" doctrine makes the trustee personally liable for these taxes and requires him to pay them from his own pocket. (Am. Comp. ¶ 15-16). Plaintiff argues, in essence, that this doctrine requires that the tax liability be shifted entirely from his account to that of the trustee, personally, thus rendering Plaintiff's liability almost zero

while imposing a large tax bill on the trustee. Plaintiff also argues that any tax payment which is derived from trust funds must be credited to his account because he is the "beneficial owner" of the trust. *Id* at 15-18, 27. Thus, he claims to have made large overpayments in the years when the trustee paid taxes, which entitle him to a refund. He also argues that the failure to grant this refund constitutes a conspiracy on the part of IRS employees to deny him money that is justly his.

To summarize, Plaintiff argues that the assets of the trust belong to him, but the tax liability incurred by that same trust belongs entirely to the trustee, personally. He objects to the trustee using trust assets to pay the taxes incurred by the trust, demanding that the trustee use his own personal accounts to satisfy the liability.[1] Rather than sue the trustee for conversion, Plaintiff has sought refunds on his tax returns. The refusal of the Defendants to refund the money is the fraud which forms the basis of this suit.

Defendants have moved to dismiss under Rule 12(b)(1) and (6) on the basis of sovereign immunity, the Declaratory Judgement Act, the Federal Tort Claims Act, and 26 U.S.C.§ 7422, which governs claims for refunds. (Def. Mot. Diss., docket # 48). They have also urged dismissal because the Amended Complaint does not comply with my Order reopening the case.

## II. STANDARD OF REVIEW

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. Proc. 12(h)(3).

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). In considering a Rule

---

[1] The trustee is apparently party to an indemnity agreement with the Bank of New York, so it would be the Bank which actually had to pay the taxes in the event that Plaintiff's theory were accepted. (Am. Comp. ¶ 31). This is irrelevant to the analysis which follows.

12(b)(6) motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See id.* at 244.

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, __U.S.__ 127 S. Ct. 1955; 167 L. Ed. 2d 929 (2007) (alteration in original omitted) (citations omitted) (internal quotation marks omitted). Instead, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citation omitted) (footnote call number omitted). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"; plaintiffs must "nudge[] their claims across the line from conceivable to plausible" or "their complaint must be dismissed." *Id.* at 14. As the Fourth Circuit has held, a plaintiff "must sufficiently allege facts to allow the Court to infer that all elements of each of his causes of action exist." *See Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 344–45 (4th Cir. 2006), *reh'g en banc denied*, 467 F.3d 378 (4th Cir. 2006), *cert. denied*, 127 S. Ct. 2036 (2007).

### III. DISCUSSION

*a) Standing*

Defendants argue that the Amended Complaint does not clarify whether Plaintiff challenges the IRS assessment of taxes, and further does not explain the consequences to creditors of accepting his arguments. Because these explanations were required by my Order reopening the case, Defendants argue that the Amended Complaint is deficient on its face and should be dismissed on that ground alone. I find that, although ambiguous, the Amended

complaint does concede that the IRS assessment of the amount of taxes was correct. (Am. Comp. ¶ 15-18). However, Plaintiff has done nothing to clarify the second point. The question is whether the trustee's use of trust funds to pay taxes resulted in a loss to Plaintiff, because the trust had enough assets to pay creditors in full with some left over, or whether it would have resulted in a loss to the creditors, who were forced to accept less than full payment and might have gotten more but for the tax payments. Plaintiff has repeatedly asserted that he, not the creditors, was the "beneficial owner" of the trust, (Am. Comp. ¶ 67) but that title is meaningless if his debts exceeded his assets.

In order to have standing to bring a suit in federal court, a party must demonstrate actual injury, causation of the injury by the defendant, and redressability by court action. *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). If the Plaintiff has suffered no loss because his creditors were entitled to the money in issue, then he lacks standing to bring a suit *even if the IRS conduct was illegal* because he has not been injured. *Id.* Lack of standing is a jurisdictional defect, and therefore the burden is on the plaintiff to "clearly and specifically set forth facts sufficient to satisfy these Art. III standing requirements." *Id.* When a litigant fails to plead sufficient facts to establish standing, then the court is "powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Id* at 155-56.

Despite my specific guidelines intended to assist a pro-se litigant in addressing the standing question, Plaintiff has failed to establish, or even allege, that he has suffered an injury sufficient to give him standing to sue, and this Court is therefore deprived of jurisdiction.

b) *Suits Against Individuals*

Defendants have pled sovereign immunity, as discussed more fully below. However, individual defendants are not necessarily immune merely because they are employed by the

government. For instance, a *Bivens* action permits recovery against government agents personally. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). However, if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the [g]overnment from acting, or to compel it to act," then a suit naming an individual is actual properly brought against the United States. *Dugan v. Rank*, 372 U.S. 609, 620 (1963)(quotes and citations omitted). Here, victory for plaintiff would require the Treasury to pay him millions of dollars as a tax refund, making this a suit against the government, not the named employees.

Furthermore, suits against individuals are explicitly prohibited in the income tax context by 26 U.S.C. § 7422(h). The only proper defendant in this case is the United States.

*c) Sovereign Immunity*

The United States, as a sovereign, enjoys immunity from suit unless it gives its express consent. *United States v. Testan*, 424 U.S. 392, 399 (1976). This immunity is jurisdictional, depriving a court of all power to hear the claim. *See United States v. Sherwood*, 312 U.S. 584, 586-87 (1941). Such consent, when embodied in statute, must be strictly construed in favor of the sovereign. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992). Therefore, a court may only entertain actions which fit easily within waivers and may not stretch the language beyond what it clearly says. *Id.*

The Amended Complaint seeks 3 forms of relief: declaratory judgment (Am. Comp. at 20, *See also* Pl. Mot. Sum. J at 2), refunds of taxes paid (Am. Comp. at 20), and compensatory damages. *Id.* The Plaintiff has not discussed the corresponding statutory provisions waiving sovereign immunity for these sorts of claims. None of them allow a waiver in this case.

The Declaratory Judgment Act, 28 U.S.C. § 2201, explicitly declines to create jurisdiction

for Federal tax suits except in the limited case of actions authorized by 26 U.S.C. § 7428 (concerning non-profit corporations). Thus, this Court lacks subject matter jurisdiction for a declaratory judgment action related to individual tax liability. Even if such jurisdiction existed in the abstract, there is no waiver of sovereign immunity which would allow a declaratory judgment in a tax case.[2]

Suits for tax refunds are an explicit exception to sovereign immunity, found in 26 U.S.C. § 7422. Jurisdiction for such suits is founded on 28 U.S.C. § 1346. They are not, however, authorized at just any time or place, without restriction. Defendant has summarized the restrictions in as succinct a fashion as is possible:

> The taxpayer first must file a claim for refund. 26 U.S.C.§ 7422(a). The claim must be filed within three years from the time the return was filed or two years from the time the tax was paid, whichever is later. 26 U.S.C. § 6511(a). The suit must be brought within two years after the claim has been denied. 26 U.S.C. § 6532(a)(1). As plaintiff has alleged no facts which show he has met these requirements, he cannot maintain an action for refund.

(Def. Mot. Dis. at 8). The refund action is barred as failing to comply with the terms of the waiver of sovereign immunity.

Plaintiff also seeks a compensatory damages award of $25,000,000. He does not give the grounds for this claim, leading Defendant to assume that he seeks them as part of a common-law tort claim. (Def. Mot. Dis. at 8). Plaintiff replies that they are actually equitable claims and quotes a section of Prosser's famous hornbook on torts to the effect that fraud may result in rescission of a contract and restitution. (Pl. Mot. Sum. J at 11-12, n. 15) To the extent that Plaintiff seeks to avoid the strictures of the Federal Tort Claims Act, he fails, because if equitable

---

[2] Compare 28 U.S.C. § 1331, which creates jurisdiction for federal questions, but does not operate as a blanket waiver of sovereign immunity. *Randall v. United States*, 95 F.3d 339 (4th Cir. 1996). Both ordinary jurisdiction and waiver are necessary for a suit against the sovereign.

tort claims are truly distinct from common-law tort claims (which I do not decide), they would require their own waiver of sovereign immunity apart from the FTCA. Plaintiff offers no authority which suggests that such a law exists. On the other hand, to the extent his claims are indeed common-law torts, they are explicitly barred by 28 U.S.C. § 2680(c) (prohibiting tax litigation under the FTCA).

Plaintiff claims that cases brought in equity are not subject to sovereign immunity. If true, this principle would eliminate sovereign immunity as a viable doctrine, as plaintiffs invoked equitable remedies for all possible harms. However, the cases cited by Plaintiff do not support his contention.

In *United States v. State Bank*, 96 U.S. 30 (1877), the Supreme Court considered whether a bank could sue the sovereign when the actions of a government official had defrauded the bank of gold and gold certificates to cover that official's embezzlement of government funds. The actions taken by the United States, described in the opinion, were essentially private transactions of the sort all banks engaged int, performed according "to the settled and usual course of business." *Id* at 33-35. The Court held that, under these circumstances, "the rules of law applicable to individuals [should be] applied to the United States. Its sovereignty is in no wise involved." *Id* at 36. Further, the agents involved in the *State Bank* fraud were clearly exceeding the scope of their duties, which certainly did not run to defrauding the public; an agent, the Court held, could confer no rights on his principal by fraud. *Id.* Such a result cannot obtain in a tax lawsuit, because the levying of taxes, if attempted by private parties, would be extortion; it is the character of the sovereign as sovereign which permits tax collection and therefore also protects it with sovereign immunity. Further, because the individual defendants here are not alleged to have done anything other than administratively assign collected taxes to a particular account, they

cannot be said to have exceeded the scope of their agency.

Plaintiff can have no more success with *Bull v. United States*, 295 U.S. 247 (1935). There, after accepting payment of estate taxes in 1921, the United States decided to change the classification of nearly $200,000 from principal, subject to the estate tax, to income, subject to income tax. *Id* at 251-52. The plaintiff paid the income tax and sued for a refund. *Id* at 253. The plaintiff argued, and the Supreme Court agreed, that the money was being doubly taxed, having been counted as part of a trust corpus for estate tax purposes in 1921, but in 1925 as income for income tax purposes. *Id*. The Supreme Court explicitly acknowledged that an independent action for a refund of the estate taxes was barred by the statute of limitations, but allowed a set-off of the erroneous estate taxes against the new income tax claim. *Id* at 261. It was, after all, the Commissioner of Internal Revenue, and not the taxpayer, who had decided to change the classification of the money in question. Clearly, it would have been inequitable to allow double dipping of this sort, and the Court said so. *Id* at 261-62. The words "sovereign immunity" do not appear in *Bull*, because, unlike this case, it was brought in the proper court and at the proper time, and apparently complied with all necessary conditions to achieve a waiver of sovereign immunity.

Plaintiff's citation of his First Amendment right to petition the government for redress of grievances does not achieve a waiver of sovereign immunity in light of the cases, cited above, demanding an unambiguous waiver, to be strictly construed. He certainly has every right to complain to the government about his taxes, but he cannot maintain a suit in the absence of jurisdiction.

Sovereign immunity deprives this Court of jurisdiction to hear cases such as this one.

d) The "Responsible Person" Doctrine

Finally, Plaintiff's cause of action is fundamentally flawed because it relies on an erroneous legal premise. Plaintiff accuses government employees of misconduct because they failed to assign tax liability solely to the trustee and credit Plaintiff for payments made by the trustee. Without citing any authority, he asserts that the "Responsible Person" doctrine makes the trustee personally liable for his taxes.

In the absence of authority, I cannot be certain upon exactly what legal principle Plaintiff relies to show that a tax liability, justly imposed upon him, should be shifted entirely onto another with no liability remaining on himself. To be sure, a trustee who behaves so irresponsibly as to incur unnecessary costs to the trust might be held personally liable by the beneficiaries. *See, e.g.*, Va. Code § 26-5. Such a suit would be brought against the trustee, not the IRS, and the underlying liability would not be abated.

The term "responsible person" does appear in tax cases in connection with 26 U.S.C. § 6672. *See, e.g. Plett v. United States*, 185 F.3d 216 (4th Cir. 1999). The person referred to is a corporate officer responsible for collecting and remitting taxes withheld from employee paychecks to the IRS. 26 U.S.C. § 6672(a). Such taxes are sometimes referred to as "trust fund taxes" because they are held in corporate accounts "in trust" for the United States. *Plett*, 185 F.3d at 218. When a responsible person willfully fails in his duty to the IRS, he can be held liable for a penalty equal to the full amount of the taxes paid. 26 U.S.C. § 6672(a).

This doctrine has no application to this case. As *Plett* makes clear, the "trust fund" is not a trust in the conventional sense, involving a grantor and trustee, but an account maintained by a corporation pending the disbursement of the money to the government. There has been no mention in this case of withholding of employee taxes. The right of action created by this doctrine belongs to the IRS, which can obtain money from the responsible persons, and to

private parties seeking refunds from the IRS. Finally, payment of the penalty by the responsible person will not abate the taxes owed by the corporation. *Otte v. United States*, 419 US 43, 53 (1974) (penalty imposed "apart from tax").

Plaintiff has not alleged, except by statements both conclusory and elliptical, that he did not owe the taxes which the trustee paid from trust funds. Even if he had some chance of receiving the residue of the trust after creditors were paid in full (which he has not pled), and even if this case were not barred by sovereign immunity, Plaintiff has not even shown that the IRS made an error in assigning both liability and payment of the taxes to the same account. Where there is no error, there cannot possibly be fraud or conspiracy. He has thus failed to state a claim on which relief can be granted.

## IV. CONCLUSION

This Court lacks subject-matter jurisdiction to hear this case, both because of lack of standing and because of sovereign immunity. Plaintiff has also failed to state a claim on which relief can be granted. The Defendant's Motion to Dismiss is GRANTED. The Plaintiff's Motion for Summary Judgment is DENIED. This case shall be STRICKEN from the docket of this court.

The Clerk of the Court is directed to send a certified copy of this Order to Plaintiff and all counsel of record.

ENTERED: _____
U.S. District Judge

August 9, 2007
Date