CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
OCT 1 6 2007
JOHN F. CORCORAN, CLERK
BY: /s/ Fay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| THEODORE B. GOULD,<br><br>                     *Plaintiff,*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                     *Defendant* | CIVIL NO. 3:06cv00008<br><br><br>MEMORANDUM OPINION and ORDER<br><br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's Motion for Rehearing and Motion to Vacate, filed on August 17, 2007 (docket entry no. 52). Plaintiff requests that I reconsider my prior Order dismissing his suit, basing his request on various alleged legal errors. However, the arguments in Plaintiff's Motion restate the arguments that were previously discussed in my Memorandum Opinion. Plaintiff's arguments remain unpersuasive and therefore the Motion is denied.

### STANDARD OF REVIEW

Plaintiff has requested a rehearing under Federals Rule of Civil Procedure 59, which grants the Court discretion to direct the entry of a new judgment. However, "a motion for a new trial in a nonjury case or a petition for rehearing should be based upon manifest error in law or mistake of fact, and a judgment should not be set aside except for substantial reasons." 11 Wright, Miller & Kane, Federal Practice and Procedure § 2804 (Civil 2d ed. 1995). The decision whether to grant a motion to vacate under Federal Rule of Civil Procedure 60(b) is also at the discretion of the Court. See, 11 Wright, Miller & Kane § 2857.

## DISCUSSION

Plaintiff reasserts a number of issues previously discussed in my Memorandum Opinion granting summary judgment to the United States. Here, it is only necessary to discuss the issue of sovereign immunity, because if sovereign immunity applies all of Plaintiff's other arguments are nugatory.

Gould argues that the Government's sovereign immunity is abrogated by the principle of equitable restitution.[1] Equitable restitution was, Gould argues, recognized as an exception to the principle of sovereign immunity in *Bull v. United States*. 295 U.S. 247 (1935). It is doubtful that *Bull* ever stood for the proposition Plaintiff asserts, but it is unnecessary to speculate what *Bull* may have meant because it has been clarified by the later decision of *United States v. Dalm*. 494 U.S. 596 (1990). In *Dalm*, the Court explained:

> In sum, our decisions in *Bull* and *Stone* stand only for the proposition that a party litigating a tax claim in a timely proceeding may, in that proceeding, seek recoupment of a related and inconsistent, but now time-barred tax claim relating to the same transaction. In both cases, there was no question but that the courts in which the refund actions were brought had jurisdiction. To date, we have not allowed equitable recoupment to be the sole basis for jurisdiction. ... If any principle is central to our understanding of sovereign immunity, it is that the power to consent to such suits is reserved to Congress.

494 U.S. at 608, 610. In other words, *Bull* does not create an exception to the requirement of a waiver of sovereign immunity. It simply allows a court to hear a case that would otherwise be time barred in certain limited circumstances. Consequently, as explained in my Memorandum Opinion, this Court is barred from hearing Gould's claims by sovereign immunity.

---

[1] Plaintiff labels his theory "equitable restitution" but the relevant Supreme Court cases use the phrase "equitable recoupment." I will assume Plaintiff is referring to equitable recoupment when he writes equitable restitution.

- 2 -

## CONCLUSION

Plaintiff has failed to present any new arguments that indicate any error – legal or factual – was committed by this Court in its earlier Opinion. Therefore, Plaintiffs motion is hereby DENIED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: _____
United States District Judge

October 16, 2007
Date

- 3 -

Case 3:06-cv-00008-NKM-BWC   Document 53   Filed 10/16/07   Page 3 of 3   Pageid#: 909